UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE WALKER,<br><br>                Plaintiff,<br><br>     v.<br><br>METTU,<br><br>                Defendant. | Case No. 24-cv-02252-RFL<br><br>**ORDER OF SERVICE; INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Jerry Walker, a state prisoner at San Quentin Rehabilitation Center, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Plaintiff states a cognizable Eighth Amendment claim against Defendant Mettu and service is ordered on this Defendant. Once Defendant appears, this case will be referred for mediation to the Northern District of California *Pro Se* Prisoner Mediation Program.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

1

(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: Plaintiff was provided dentures in early 2021, and in June 2021, he submitted a complaint that the dentures were not fitting properly and hurting every time he used them to eat. Plaintiff presented these issues to Defendant Mettu, a dentist at the prison. Mettu was belligerent towards Plaintiff and even after seeking intervention through the grievance process, Plaintiff was unable to obtain properly fitting dentures. Due to not having proper dentures, Plaintiff is unable to eat properly which is causing pain and sores in his mouth and he has lost weight and is suffering from nutritional deficiencies.

**C.     Analysis**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle*, 429 U.S. at 104).

When liberally construed, Plaintiff has stated an Eighth Amendment claim against Mettu for failing to properly treat his dental needs which resulted in Plaintiff suffering ongoing injuries.

This case is a good candidate for the Court's early mediation program.  Once Defendant waives service or is served, and counsel for her appears, this case will be referred for mediation to the Northern District of California *Pro Se* Prisoner Mediation Program.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the complaint (Dkt. Nos. 1, 2, 7), and all attachments thereto, on Defendant Mettu a dentist at San Quentin Rehabilitation Center.

2. Service on this Defendant shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents:  the complaint (Dkt. Nos. 1, 2, 7) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall serve a copy of this order on Plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

      4.      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each Defendant who has not waived service.

      5.      All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

      6.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      7.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: October 9, 2024

                                                  RITA F. LIN
                                                  United States District Judge